Good morning, Your Honors. Antonio Zaldana on behalf of Mr. Parada-Chicas. I believe as a threshold matter, what should be addressed first would be the exhaustion issue. There is a question about whether this court should review the immigration judge's decision or whether it should review the BIA decision, and at times this court has reviewed both. In this particular case, the BIA decision specifically cites to matter of Urbano, which means that the BIA is adopting the immigration judge's decision in its entirety. That first paragraph is clear. Are you arguing that's how we can get to the due process issue? Is that where we're going with this argument? No, I'm actually responding to the government's argument in its brief, which basically states that the petitioner has not made any challenge to the BIA's decision, and the very reason for that is because... Well, you didn't raise the due process issue with the board, so I don't think we have jurisdiction to resolve that issue because you haven't exhausted that claim yet. That's true. It wasn't raised to the board, but the two issues that were raised are the use of the old conviction documents to approve of charges in a brand new document. That was raised. A second issue that was raised... And why wouldn't the law of the case doctrine apply? I mean, those documents came in at the first merits hearing before the IJ, did they not, without any objection? Yes, unfortunately there was no objection, but the first document, the order to show cause, was issued in 1997, around that time period, and the sole ground of deportability involved the drug offense. I thought we were talking about the admissibility of the... Let's deal with the admissibility of the documents first. I don't understand your argument as to why the government has to reintroduce the same documents that are already in the record without objection by the petitioner. Well, there were documents that were introduced four years ago. During that time period, many things can happen. There can be some subsequent action on a criminal case, there might be an expungement, there might be a motion to vacate in between. What I'm saying is the government's burden to prove that as of the date of the brand new charging document, that they still have the burden to prove up the charges in that document. Under the regulations... But the charges are established by the initial documents, and there's absolutely nothing in the record to suggest that anything happened between the date of the original hearing and the hearing on remands that changed the truthfulness or accuracy of those records. So that burden is on you to question the second time around whether or not those documents are still valid. But the government doesn't have to reintroduce them. That's the issue that I'm having a hard time understanding. Well, if it's a brand new document that takes place... But it's not a brand new conviction. The conviction stands. It is a historical fact that cannot be changed absent, as you say, some subsequent court decision. But the burden is on the petitioner, if that's the case, to raise that issue with the immigration judge. Well, we're talking about more than one conviction. As I stated earlier, the original OSC only mentioned a single conviction. You keep going back to the charging document. I'm talking just about the record that's before the immigration judge. Let's settle that issue first before we go to amending the OSC. Well, the record that was before the immigration judge, our position has always been that current certified conviction documents should have been introduced if a... But what's wrong with a four-year-old certified conviction record? I mean, it's not like fine wine that turns into vinegar if you leave it on the shelf too long. The convictions stand. Well, when we read the regulations, the regulations entitle an alien in proceedings to plead to that new document. If the pleading is a denial, that's accurate. You're talking apples and oranges. The new document is the order to show cause. The conviction records are a completely separate issue, counsel. You're just confusing me. Well, the conviction documents are the documents that are used to prove up the allegations and the charges. Yes, we call that evidence. In the charging document. That's different from the order to show cause, counsel. I understand that, but the order to show cause, those are the allegations, and the conviction documents are used to prove those allegations. Well, why don't you move on to your next argument, because we're just going around in circles. Okay. Well, the second argument involves eligibility. Can I, on that point, just before we run out of time here, just ask you this. You have focused almost wholly on the firearms offense, but the BIA also focused on the fact that this was a crime of violence. You didn't respond to that at all, and that crime of violence, reasoning and ruling independently, even if there were no firearm involved, is sufficient to block your client's relief, right? Well, that's not necessarily true. Why is that? The convictions occurred in 1990 and 1989. It predates AEDPA. It predates IRA-IRA. Now, the decision of the BIA, which to me, at least, is very unclear. They call it just a comment, and they state and reference Matter of Blake as a general proposition. But the immigration judge, whose decision would be reviewable in this case because the BIA cited Matter of Rubano, the judge limited her decision to finding that Mr. Parada-Chicas is ineligible simply because of the firearms offense. That's it. So you're saying that we can't consider the BIA's reference to an apparent reliance upon the fact that it was also a crime of violence? No, because there wasn't any meaningful analysis as to that specific issue. I think what should have been- Is that what's required, a meaningful analysis? Yes. What do you rely upon for that statement? There was no analysis whether or not the conviction documents were enough to sustain a finding that- Okay, well, now you're going back to the issue you raised with Judge Tallman. But let's assume for a moment that the documents that were there were adequate. And then we're just talking about what it constitutes. The BIA says, in addition to the firearm offense that's been substantiated, it's also a crime of violence. And a crime of violence in and of itself makes your client ineligible for the relief he seeks. If for a moment, just for discussion purposes, let's assume that the BIA satisfied your standard for reasoning about crime of violence, it's just over, right? You lose, right? No, because if we recall the holding in St. Cyr, the U.S. Supreme Court specifically held that you measure whether or not an alien is eligible for 212c relief at the time of the plea. So, in this particular case, Mr. Parada-Chicas, his last plea was entered in 1990. At that time, under IMAC 90, his offense didn't even constitute an aggravated felony. The minimum requirement for a crime of violence to be an aggravated felony was five years. A five-year sentence. He got four years. But doesn't the finding of a crime of violence preclude any relief under Section 212c? That's the problem, right? Well, it depends when the plea was answered. I mean, if St. Cyr, that case did not exist, then the answer to that question would be yes. But the U.S. Supreme Court specifically says you have to look at the law at the time that a defendant pled. And in this case, that would have been 1990, which predates IRIRA, predates AEDPA. But the law today is that you can look back at the crime that was committed prior to the various congressional changes. And the question is whether or not a crime of violence, in the exercise of the Attorney General's discretion, is a disabling fact that precludes him from any eligibility for relief. Isn't that the issue? Well, that's the issue. But, I mean, I understand when there were the drastic changes to the Immigration Act, a lot of that legislation applied to things that happened before. Right. And we wrestled with the retroactivity issue. Right. But 212C is a special issue because defendants who were pleading guilty back then were relying on this kind of relief. And that's the reason why the U.S. Supreme Court has St. Cyr. And it doesn't matter what they were pleading guilty to? It does. And if it's a crime of violence, you're done. Well, it's not necessarily what they were pleading to, but when. Okay. I think we understand your position. We have used your time. Thank you, Your Honor. What do we need to – what, in the government's view, do we need to decide in this case? Well, Your Honor, the 28J letter that I submitted the other day, a week ago, contains the essential holdings that the Court has to make in order to decide this case. First, the conviction for violating the assault with a firearm statute is a crime of violence, aggravated felony. Second, crime of violence, aggravated felonies cannot be waived through an exercise of 212C relief. The Morial Luna case and the Herron Salinas case are the most recent precedents of this Court on those points. I just wanted to mention there's been a lot of discussion of retroactivity and things like that. I just wanted to mention that there were rulings by the BIA and by this Court long before that, addressing whether the crime that we're talking about is a crime of violence. I believe that issue in Comarenco, and I think the BIA Montenegro decision also addressed it. If the Court has no questions, I'll – I just have one quick question. Yes. Mr. Zaldana takes the position that St. Cyr says, if I understood him correctly, that what we're supposed to do is to look at the date of the original plea involved, and if the statute, in this case 212C, wasn't as it is now, that the government's out of luck. What's your response to that? Well, Your Honor, St. Cyr addressed a different question. St. Cyr addressed the question whether the repeal of 212C in its entirety was retroactive. Here there's no issue about that. The issue is the separate question of whether there's a comparable ground in Section 1182 to match the crime of violence aggravated felony definition. Are there any further questions? Thank you. Thank you, Your Honor. The matter just argued is submitted for decision. The next case, Reyes-Otero, is submitted on the briefs, and it is so ordered. The next case for argument is Long v. Polder. Thank you.
judges: Schroeder, Tallman, Smith M.